# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellant**
v.
**Specialist GERALD D. ARNO**
**United States Army, Appellee**

ARMY MISC 20180699

Headquarters, Fort Drum
Teresa Raymond., Military Judge
Lieutenant Colonel Jennifer A. Neuhauser, Staff Judge Advocate

For Appellee: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Benjamin J. Wetherell, JA; Captain Benjamin A. Accinelli, JA (on brief).

For Appellant: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Allison L. Rowley, JA; Captain Catharine M. Parnell, JA (on brief).

26 February 2019

----------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PUSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
----------------------------------------------------------------------

Per Curiam:

Today we determine that the military judge erred as a matter of law when she suppressed statements made by the accused for lack of corroboration. Accordingly, we grant the government's appeal pursuant to Article 62, Uniform Code of Military Justice [UCMJ].[1]

---

[1] On 23 May 2018, the convening authority referred the following specifications against the accused to a general court-martial: two specifications of sexual assault; two specifications of abusive sexual contact; and, one specification of indecent conduct in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920 and 934 (2012). All of the charged offenses are alleged to have occurred on one occasion in September 2015 involving the same alleged victim.

**BACKGROUND**

The accused and the alleged victim were both soldiers who had deployed together to Honduras from April 2015 until April 2016. After the deployment, they continued to occasionally text each other. On 15 June 2017, in the midst of a text-message conversation, and apropos of nothing, the accused sent the alleged victim the following text:

> Well damn lol. Is it crazy that even though we never had sex I still remember what your pussy feels, smells, and tastes.

The text conversation continued without the alleged victim directly addressing what appellant had said. The accused then brought it up again:

> Well all I can say is one regret that I don't have is that I played with your pussy and tasted it while you were passed out[,] not the right answer but it happened.

After the subsequent involvement of law enforcement, the accused admitted to a U.S. Army Criminal Investigation Command (CID), special agent that he had digitally penetrated the alleged victim while she was asleep.

The defense moved to suppress the accused's statements for lack of corroboration under Military Rule of Evidence [Mil. R. Evid.] 304(c).

To corroborate the accused's statements, the government introduced evidence that the accused and alleged victim were both deployed together in Honduras, had hung out with each other and would get intoxicated together, and would both be in her room. There was also evidence the accused was sexually interested in the alleged victim and would make sexually suggestive comments to her. The alleged victim took a combination of medications that made her sleep heavily during the deployment.

The government also provided the court with a text message exchange from the Honduras deployment that begins with the accused asking, "We are good right?" The alleged victim responds by stating that she has no memory of the previous night's events, and asks the accused if she had remained clothed. After discussing whether or not she had vomited, and after she complains of a severe hangover, the accused stated, "I'd be [sic] lying if I said I didn't want to sleep with you last night."

The alleged victim had no memory of having any sexual contact with the accused. The government proffered no physical evidence to support that a sex act had happened.

The military judge granted the accused's motion to suppress the accused's statements. The military judge rejected the government's argument that the statements were corroborated.[2] The military judge found as follows:

> The Government produced only evidence confirming issues tangential to the subject matter of the confessions and admissions made by the Accused. None of the corroborating evidence produced had anything to do with the criminal conduct to which the Accused had confessed about which he felt guilty or incriminated himself.

Essential to the military judge's ruling was that the corroborating evidence must directly address the part of the accused's statement that admits guilt. The corroboration, the military judge ruled, "needs to address the 'acknowledgement of guilt' or 'incriminating statement.'" Here, as the accused admitted to sexual conduct with a passed out person, the military judge's ruling required the government to corroborate that the victim was passed out and that the sexual act occurred.[3]

The military judge therefore found that the government's proffered corroboration had "no relevance specifically to the confessions and admissions at all."[4]

---

[2] The military judge also rejected the government's arguments that the text messages were separately admissible as a present sense impression and as residual hearsay.

[3] Immediately after professing a lack of memory of the night before, the alleged victim asks the accused, "What happened?" and "Did I keep my clothes on?" While other interpretations are possible given the record, one interpretation is that the alleged victim was expressing a concern that she had engaged in sexual conduct that she could not recall.

[4] In her initial ruling on the motion to suppress the military judge concluded her ruling by stating:

> The sending of sexually suggestive or explicit texts is not sufficiently indicative of sexual assault. To conclude otherwise would be to indict an entire generation in our current sexting-heavy society.

(continued . . .)

**LAW AND DISCUSSION**

We conclude the military judge misapplied the law. Military Rule of Evidence 304(c) requires that the government introduce evidence that would "tend" to establish the trustworthiness of the admission. The quantum of the evidence required is "slight." *See* Mil. R. Evid. 304(c)(4) ("The independent evidence need raise only an inference of the truth of the admission or confession."); *see also United States v. Jones*, 78 M.J. 37, 42 (C.A.A.F. 2018) ("[The CAAF has] traditionally [] described the quantum of evidence needed as being 'slight.'") (citing *United States v. Adams*, 74 M.J. 137, 140 (C.A.A.F. 2015)).

Nothing in the rule requires that the evidence tending to establish trustworthiness is limited to the criminal act itself. When an accused confesses to committing a certain crime in a certain place in a certain manner, evidence that the accused was actually at that place, and had the specific motive to commit that crime, can be considered when determining whether the confession is trustworthy. Motive and opportunity are not irrelevant considerations.

Instead, the military judge required that the corroboration evidence come only from evidence corroborating the "criminal conduct to which the Accused had confessed . . . ." There is not much daylight between the standard articulated by the military judge, and a requirement that the government corroborate the *corpus delicti* of the offense; a standard which courts at all levels have rejected. *See, e.g., Opper v. United States*, 348 U.S. 84 (1954); *United States v. Seay*, 60 M.J. 73 (C.A.A.F. 2004); *United States v. Egan*, 53 M.J. 570 (Army Ct. Crim. App. 2000).

Now, to be sure, just because there is evidence that tends to establish the trustworthiness of an accused's confession does not mean that the truth of the confession has been determined. An accused is free to attack the admissibility of the evidence on other grounds or may seek to undermine the weight the factfinder should give the evidence.

---

(. . . continued)
The text messages in question are not merely "sexually suggestive" or "explicit." The messages admit to "tasting" and "play[ing] with" the genitals of a woman who is "passed out." A person who is asleep or unconscious is incapable of giving consent as a matter of law. *See* UCMJ art. 120(b)(2). To conclude that the messages are not "indicative of sexual assault" is grossly inconsistent with the UCMJ. However, this language was not included in the military judge's final ruling, which is the focus of this court's opinion.

## CONCLUSION

The military judge's ruling suppressing the accused's statements is SET ASIDE, the government appeal is GRANTED, and the case is returned to the military judge for action consistent with this opinion.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court